### In re MARINO.
### No. 22435.

District Court, E. D. New York.
Nov. 13, 1933.

Rubin Cohen, of New York City, for trustee.

Max Rockmore, of New York City, for petitioners.

GALSTON, District Judge.

This is a motion to review the order made by the referee, which directed the bankrupt, individually and as an agent of S. Marino & Co., Inc., to turn over to the trustee in bankruptcy 250 cases of tomatoes, or in lieu thereof the sum of $579.50.

The proceeding was initiated by the trustee in bankruptcy, who filed a petition and obtained an order to show cause directing S. Marino & Co., Inc., a New York corporation, to turn over these tomatoes or to account for them.

The petition alleges that, prior to the bankruptcy, this shipment of tomatoes was consigned to S. Marino & Co., Inc., and, after arrival, and subsequent to the filing of the petition in bankruptcy, was received and accepted by S. Marino & Co., Inc.

S. Marino & Co., Inc., as respondent, filed its answer raising the question of the jurisdiction of the referee to determine in a summary proceeding the issue raised; and, without waiving the objection of jurisdiction, admitted that, prior to the bankruptcy, the bankrupt had contracted to receive this consignment of tomatoes, and alleged that, prior to the delivery thereof, the consignor, on learning of the fact "that the bankrupt had filed his voluntary petition in bankruptcy," refused to deliver to the bankrupt in order that the delivery thereof be stopped before it was completed.

The trustee's petition is not sufficient. I find no allegation therein that title ever passed to the bankrupt. By consignment is meant the goods or property sent by means of a common carrier by one or more persons, called the consignors, in one place, to one or more persons, called the consignees, who are in another. The word "consigned" carries an implication that the title to the property is not in the consignee. 2 Words and Phrases, First Series, page 1449; Rolker v. Great Western Ins. Co., 4 Abb. Dec. (N. Y.) 76; Sturm v. Boker, 150 U. S. 312, 14 S. Ct. 99, 37 L. Ed. 1093.

The motion challenging the jurisdiction of the referee based on the showing of the trustee's petition should have been granted.

Moreover, it will be noted that the bankrupt was not a party to this turnover proceeding. As appears from the certificate of the referee, at the outset of the proceedings the bankrupt appeared personally and by counsel. The referee states that the trustee's motion was "deemed amended" by all parties to include the bankrupt as a party respondent in his individual capacity and as agent of S. Marino & Co., Inc., and accordingly allowed the amendment.

I do not find, however, that the trustee's motion was "deemed amended" by all the parties. On the contrary, the referee's order recites that the attorney for the respondent was in opposition to the motion to amend the petition. If the amendment was proper, leave certainly should have been granted to the bankrupt to file an answer.

Now it may well be that all the proof that could be adduced by the bankrupt is before the court in this proceeding. Nevertheless, since a failure on the part of the bankrupt to comply with the referee's order may be followed by a motion to punish him for contempt, and in consequence subject him to incarceration for failure so to comply with such order, it seems to me that all formalities of practice should have been strictly observed.

When the bankrupt testified in this proceeding, he was not on notice that any claim was being asserted against him individually or as the agent of S. Marino & Co., Inc.

The order should be reversed.

Settle order on notice.